DIAMOND McCARTHY LLP
Attorneys for Sheila M. Gowan,
Chapter 11 Trustee for Dreier LLP
620 Eighth Avenue, 39th Floor
New York, New York 10018
Tel:  (212) 430-5400
Fax:  (212) 430-5499
Howard D. Ressler, Esq.
Stephen T. Loden, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | |
|---|---|
| In re: | |
| **DREIER LLP,** | Chapter 11 |
| Debtor. | Case No. 08-15051 (SMB) |
| **SHEILA M. GOWAN, CHAPTER 11 TRUSTEE FOR DREIER LLP,** | |
| Plaintiff, | |
| v. | Adv. Pro. No.: 10-_____ (SMB) |
| **360NETWORKS (USA) INC.,** | |
| Defendant. | |

------------------------------------------------------------x

## ORIGINAL COMPLAINT

Plaintiff, Sheila M. Gowan (the "Trustee"), chapter 11 trustee for Dreier LLP ("DLLP"), as and for her Original Complaint against 360networks (USA) inc. ("360"), alleges as follows:

### Nature of this Action

1.     This is an action seeking to avoid and recover an $11.9 million pre-petition transfer of DLLP assets to 360.  The Trustee seeks to avoid and recover this transfer for the benefit of the DLLP chapter 11 estate.

245838

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 547 and 550.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

4. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001.

5. This Court has venue over this proceeding pursuant to 28 U.S.C. § 1409(a).

**Parties**

6. The Trustee, plaintiff herein, is the court-appointed chapter 11 trustee for Dreier LLP.

7. Defendant 360 is the reorganized debtor in the bankruptcy case entitled *In re: 360networks (USA) inc.,* Case No. 01-13721 (ALG), currently pending in the United States Bankruptcy Court for the Southern District of New York (the "360 Chapter 11 Case"). 360 is a closely-held corporation organized under the laws of Delaware, with its headquarters in Seattle, Washington.

**Background**

8. On December 4, 2008, in *United States of America v. Marc S. Dreier*, Case No. 08 Mag. 2676 (JSR), the United States Attorney for the Southern District of New York filed a criminal complaint charging Marc S. Dreier ("MSD") with securities and wire fraud violations (and, in a superseding indictment (9 Cr. 085 (JSR)), money laundering), and the case was assigned to United States District Court Judge Jed S. Rakoff. Federal authorities arrested MSD on December 7, 2008. Prior to his arrest, MSD was the sole equity partner of DLLP.

9. On December 8, 2008, in *SEC v. Dreier*, Case No. 08-Civ-10617 (MGC), the United States Securities and Exchange Commission ("SEC") charged MSD with violations of the

245838                                                       2

securities laws by selling, and offering to sell, fictitious notes purportedly issued by a New York City-based real estate development company. Mark F. Pomerantz (the "Receiver") was appointed as receiver of MSD's assets, including MSD's interests in DLLP and certain of its affiliated entities.

10. On December 16, 2008 (the "Petition Date"), the Receiver, on behalf of DLLP, commenced a voluntary case (the "DLLP Chapter 11 Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. The DLLP Chapter 11 Case was assigned to United States Bankruptcy Judge Stuart M. Bernstein.

11. On December 30, 2008, the United States Trustee for the Southern District of New York appointed the Trustee as the chapter 11 trustee for DLLP's estate, which appointment was approved by Judge Bernstein on January 9, 2009.

12. Prior to the Petition Date, DLLP was a law firm employing over 100 attorneys with its headquarters located in New York, New York. MSD has confessed to operating a criminal Ponzi scheme to sell fictitious promissory notes to hedge funds, and using the sale of notes to subsequent investors to pay off prior investors. MSD also used legitimate DLLP funds to pay off investors in his Ponzi scheme, and he used proceeds of the Note Fraud to fund DLLP operations. MSD admitted in a letter dated July 7, 2009, sent to the U.S. District Court in connection with his criminal sentencing that he operated "a massive Ponzi scheme."

**A.      DLLP's Relationship With the 360 Debtors**

13. On June 28, 2001, 360 and its affiliated debtors (collectively, the "360 Debtors") each commenced voluntary cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

245838                                                           3

14. Pursuant to the First Amended Joint Plan of Reorganization dated August 14, 2002 in the 360 Chapter 11 Case (the "360 Plan"), which was confirmed by an order of the court dated October 1, 2002 (the "Confirmation Order"), the Official Committee of Unsecured Creditors of the 360 Debtors (the "360 Committee") was authorized to prosecute certain preference actions on behalf of the 360 Chapter 11 Estate. DLLP served as the 360 Committee's special litigation counsel in pursuing those preference actions.

15. Recoveries from the preference actions (the "360 Preference Recoveries") were deposited into a DLLP account and were to be held pursuant to the 360 Plan. However, MSD transferred the 360 Preference Recoveries to other DLLP accounts where they were commingled with legitimate DLLP funds, DLLP client funds, and the proceeds of MSD's Ponzi scheme. Monies held in those commingled DLLP accounts were then used, in part, to support MSD's Ponzi scheme and MSD's lavish lifestyle.

**B.     DLLP's Preferential Transfer to 360**

16. Pursuant to the 360 Plan, general unsecured creditors of the 360 Chapter 11 Estate were to receive 85% of the first $30 million in net 360 Preference Recoveries, and 80% of net 360 Preference Recoveries above $30 million, with 360 receiving the balance. In other words, pursuant to the 360 Plan, 360 was only entitled to 15% of the first $30 million in net 360 Preference Recoveries, and 20% of everything above $30 million.

17. In November 2008, 360 requested Norman Kinel ("Kinel"), the DLLP partner responsible for DLLP's representation of the 360 Committee, to distribute an amount 360 believed it was entitled to receive from the net 360 Preference Recoveries allegedly being maintained by DLLP pursuant to the 360 Plan. Kinel received authorization from the 360 Committee to make the distribution.

18. On November 17, 2008, DLLP wired $11.9 million from a commingled DLLP account to 360's account (the "360 Transfer").

19. The 360 Transfer was made more than six years after the entry of the Confirmation Order.

20. The Trustee's claims as set forth in this Complaint accrued upon the filing of the DLLP Chapter 11 Case on December 16, 2008.

21. On March 27, 2009, 360 filed proof of claim number 398 in the DLLP Chapter 11 Case (the "360 Proof of Claim"), seeking recovery of an unliquidated amount representing 360's asserted share of the net 360 Preference Recoveries pursuant to the 360 Plan.

## Count I
## Preferential Transfer
## 11 U.S.C. §§ 547 and 550

22. The Trustee re-alleges and fully incorporates the allegations pleaded in paragraphs 1 through 21 as if fully set forth herein.

23. The 360 Transfer constituted a transfer of DLLP property to 360.

24. At the time of the 360 Transfer, 360 was a creditor of DLLP within the meaning of section 101(10) of the Bankruptcy Code. 360 became a creditor of DLLP when the 360 Preference Recoveries were deposited in DLLP accounts and commingled with other funds. At a minimum, DLLP held legal title to the funds deposited in DLLP accounts. The funds in the DLLP accounts were insufficient to satisfy the claims of all parties having claims against DLLP. 360 thus was a general unsecured creditor of DLLP at the time of the 360 Transfer, and the 360 Transfer was made by DLLP on account of antecedent debts owed by DLLP to 360.

25. The 360 Transfer was made while DLLP was insolvent and within 90 days of the Petition Date.

26. The 360 Transfer allowed 360 to receive more than it would have received if: (i) this case was a case under chapter 7 of the Bankruptcy Code, (ii) the 360 Transfer had not been made, and (iii) 360 had received payment on its claim against DLLP as provided by the Bankruptcy Code.

27. The 360 Transfer constitutes a preferential transfer that is avoidable by the Trustee pursuant to section 547 of the Bankruptcy Code, and is recoverable from 360 pursuant to section 550 of the Bankruptcy Code.

28. Pursuant to 11 U.S.C. §§ 547 and 550, the Trustee is entitled to judgment: (a) avoiding the 360 Transfer, (b) directing that the 360 Transfer be set aside, and (c) requiring 360 to return the 360 Transfer, or the value thereof, to the Trustee for the benefit of the DLLP chapter 11 estate.

### Count II
### Objection to the 360 Proof of Claim
### 11 U.S.C. § 502(d)

29. The Trustee re-alleges and fully incorporates the allegations pleaded in paragraphs 1 through 21 as if fully set forth herein.

30. Pursuant to section 502(d) of the Bankruptcy Code, the 360 Proof of Claim shall be disallowed unless and until 360 satisfies its liability to the DLLP Chapter 11 Estate under section 550 of the Bankruptcy Code. 11 U.S.C. § 502(d).

31. The Trustee objects to the 360 Proof of Claim pursuant to section 502(d) of the Bankruptcy Code, and seeks entry of an order disallowing and expunging the 360 Proof of Claim, unless and until 360 satisfies its liability to the DLLP chapter 11 estate pursuant to 11 U.S.C. § 550. The Trustee's objection to the 360 Proof of Claim set forth above is limited solely to the grounds stated herein, and is without prejudice to the later presentment of additional objections to the 360 Proof of Claim.

### Count III
### Unjust Enrichment

32. The Trustee re-alleges and fully incorporates the allegations pleaded in paragraphs 1 through 21 above as if fully set forth herein.

33. By making the 360 Transfer to 360, DLLP conferred a benefit on 360 at the expense of DLLP.

34. 360 received a benefit from the 360 Transfer because it used the proceeds of the 360 Transfer to fund its business operations.

35. 360 received the benefit of the 360 Transfer under circumstances that make it contrary to equity and good conscience to permit 360 to retain the 360 Transfer. At the time that 360 asked for the distribution, there were insufficient net 360 Preference Recoveries on deposit to make the distribution. Accordingly, other funds from commingled DLLP accounts were used to make the distributions. Allowing 360 to retain the 360 Transfer would be inequitable to the DLLP chapter 11 estate and its creditors, including the creditors of the 360 Debtors, who, through Steven J. Reisman, as their Postconfirmation Representative have filed a proof of claim in the DLLP chapter 11 case.

36. As a result of the foregoing, DLLP is entitled to judgment requiring 360 to return the 360 Transfer to the Trustee for the benefit of the Dreier LLP chapter 11 estate.

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment in favor of the Trustee and against 360 as follows:

(a) On Count I, pursuant to 11 U.S.C. §§ 547 and 550: (i) avoiding and preserving the 360 Transfer; (ii) directing that the 360 Transfer be set aside; and (iii) recovering the 360 Transfer, or the value thereof, from 360 for the benefit of the DLLP chapter 11 estate;

(b) On Count II, pursuant to 11 U.S.C. § 502(d), disallowing and expunging the 360 Proof of Claim unless and until the 360 Transfer is repaid to the DLLP chapter 11 estate;

245838                                           7

    (c) On Count III, directing 360 to return to the Trustee, for the benefit of the DLLP chapter 11 estate, the 360 Transfer, or the value thereof, which in good conscience and equity should not be retained by 360;

    (d) On all Counts, awarding the Trustee prejudgment interest from the date on which the 360 Transfer was received by 360;

    (e) On all Counts, establishment of a constructive trust over the proceeds of the 360 Transfer in favor of the Trustee for the benefit of the DLLP Chapter 11 Estate;

    (f) Awarding the Trustee such other relief as this Court deems just and proper.

DATED: October 18, 2010  
    New York, New York

        Respectfully submitted,

        By: *s/Stephen T. Loden*  
          Howard D. Ressler, Esq.  
          Stephen T. Loden, Esq.  
          J. Benjamin King, Esq. *(pro hac vice)*  
        DIAMOND MCCARTHY LLP  
        620 Eighth Avenue, 39th Floor  
        New York, New York 10018  
        Tel: (212) 430-5400  
        Fax: (212) 430-5499

        *Counsel for Sheila M. Gowan,*  
        *Chapter 11 Trustee for the Estate of*  
        *Dreier LLP*